ERIK K. SWANHOLT, CA Bar No. 198042
   eswanholt@foley.com
ALYSSA L. TITCHE, CA Bar No. 313296
   atitche@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2411
TELEPHONE:  213.972.4500
FACSIMILE:  213.486.0065

Attorneys for Defendant MIDEA
AMERICA CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SPORN, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>               Plaintiff,<br><br>vs.<br><br>MIDEA AMERICA CORPORATION,<br><br>               Defendant. | Case No. 3:21-cv-03823<br><br>**Removed From San Francisco Superior Court Case No:  CGC-21-590503**<br><br>**DEFENDANT MIDEA AMERICA CORPORATION'S NOTICE OF REMOVAL OF ACTION (CAFA JURISDICTION)**<br><br>COMPLAINT FILED:  MARCH 25, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION:**

**PLEASE TAKE NOTICE** that Defendant Midea America Corporation ("Midea"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 118 Stat. 4 ("CAFA"), hereby invokes this Court's jurisdiction and removes the above-captioned case, pending in the Superior Court of the State of California, for the County of San Francisco (the "State Court"), Case No. CGC-21-590503, and all claims and causes of action alleged therein, to the United States District Court for the Northern District of California. The grounds for removal are as follows:

## I.    STATE COURT ACTION

Plaintiff Michael Sporn ("Plaintiff") commenced this action on or about March 25, 2021 by filing a Complaint (the "Complaint") entitled "*Michael Sporn, Individually and On Behalf Of Others Similarly Situated v. Midea America Corporation*" in the State Court. The Complaint alleges violation of the Song-Beverly Consumer Warranty Act, violation of the Consumer Legal Remedies Act, and violation of California's Unfair Competition law. A true and correct copy of the Complaint, with the exhibit thereto, is attached to the accompanying declaration of Erik K. Swanholt ("Swanholt Decl.") as **Exhibit A**, and is incorporated herein by reference.

Plaintiff served Midea with the Complaint on April 20, 2021. (Declaration of Erik K. Swanholt ("Swanholt Decl.") ¶ 3.)

Plaintiff brings this class action "on behalf of himself and on behalf of all others similarly situated" and as members of three purported classes, defined as follows:

**Class 1**

All persons who purchased one or more of Defendant's products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, which were accompanied by a warranty or product registration card or form, or an electronic online

NOTICE OF REMOVAL
Case No. 3:21-cv-03823

warranty or product registration form, to be completed and returned by the consumer, which do not contain statements, each displayed in a clear and conspicuous manner, informing the consumer that: i) the card or form is for product registration, and ii) informing the consumer that failure to complete and return the card or form does not diminish his or her warranty rights.

**Class 2**

All persons who purchased one or more of Defendant's products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, which were accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form, which is labeled as a warranty registration or a warranty confirmation.

**Class 3**

All persons who purchased one or more of Defendant's products within California during the three (3) years immediately preceding the filing of the Complaint through the date of class certification, which were advertised as being accompanied with an express warranty but which do not contain a warranty, and/or contain warranty activation, confirmation or registration cards requiring persons to provide their personal data or take additional steps in order to receive a warranty.

(Swanholt Decl. ¶ 2, Ex. A ¶ 36.)

No motion currently is pending in the State Court. (Swanholt Decl. ¶ 4.)

## II.    TIMELINESS

Plaintiff served Midea with the Complaint on April 20, 2021, Midea's deadline to file a notice of removal is May 20, 2021. (Swanholt Decl. ¶ 3.) Accordingly, this Notice is timely. *See* 28 U.S.C. § 1446(b).

## III.    VENUE

Pursuant to 28 U.S.C. § 1441(a), venue for removal lies in the United States

NOTICE OF REMOVAL
Case No. 3:21-cv-03823

4812-2235-2362.2

District Court for the Northern District of California, because Plaintiff originally filed the Complaint within this district.

### IV.   **NOTICE**

Concurrently with this filing, and pursuant to 28 U.S.C. § 1446(d), Midea (a) is filing with the Clerk of the State Court a Notice of Removal to Federal Court, together with this Notice and supporting documents, and (b) is serving copies of the Notice of Removal to Federal Court, together with this Notice of Removal, on Plaintiffs. (Swanholt Decl. ¶¶ 5-6.)

### V.   **REMOVAL IS PROPER UNDER CAFA**

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act ("CAFA"), because the matter in controversy as alleged in the Amended Complaint exceeds the sum or value of $5,000,000, exclusive of interests and costs, and the case is a class action in which (i) at least one member of the alleged class of plaintiffs is a citizen of a state different from at least one defendant, and (ii) the proposed class includes at least 100 members.  28 U.S.C. §1332(d)(2)(A) and (C); 18 U.S.C. § 1332(d)(5).  (Swanholt Decl. ¶ 2, Ex. A.)

### A.   **THE COMPLAINT ASSERTS A CLASS ACTION**

A removable class action includes "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought under one or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  Plaintiff alleges his claims as class claims pursuant to California Code of Civil Procedure section 382.  (Swanholt Decl. ¶ 2, Ex. B ¶ 35.) This provision of the California Code of Civil Procedure establishes requirements similar to those of Federal Rule of Civil Procedure 23(a), including, among other things, criteria regarding numerosity of class members, commonality of questions of law and fact, typicality of class claims and defenses, predominance of common questions, and adequacy of protection of the interests of the class by the class representatives. Therefore, the Complaint purports to allege a removable class action pursuant to 28

NOTICE OF REMOVAL
Case No. 3:21-cv-03823

4812-2235-2362.2

U.S.C. § 1332(d).

## B.     THE CITIZENSHIP OF THE PARTIES IS MINIMALLY DIVERSE

The parties to a class action need only be minimally diverse, such that the citizenship of only one member of the putative class must be diverse from the citizenship of only one defendant.  28 U.S.C. § 1332(d)(2)(A).

Plaintiff brought this action in the County of San Francisco, California, and asserts that he resided in the state of California during the relevant time period.  (Swanholt Decl. ¶ 2, Ex. A ¶ 9.)  On that basis, Midea is informed and believes that Plaintiff is now, and was at the time the action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(d)(2).

Midea is a New Jersey corporation with its principal place of business and headquarters in Parsippany, New Jersey.  (Swanholt Decl. ¶ 7.)  Accordingly, for purposes of determining diversity of citizenship, Midea is a citizen of New Jersey.  28 U.S.C. § 1332(c)(1) (for purposes of diversity of citizenship, a corporation is a citizen of every state or foreign country in which it is incorporated and has its principal place of business).

Therefore, the citizenship of Plaintiff is different from that of Midea, and the requisite diversity exists.

## C.     THE PROPOSED CLASS CONTAINS AT LEAST 100 MEMBERS

As stated above, the purported classes, as alleged by Plaintiff in Paragraph 36 of his Complaint, includes "all persons who purchased one or more of Defendant's products within California" that includes a warranty or production registration card or form that:

- did not clearly and conspicuously display that i) the card or form was for product registration and ii) informing the consumer that failure to complete and return the card or form does not diminish his/her warranty rights (Class 1);

NOTICE OF REMOVAL
Case No. 3:21-cv-03823

4812-2235-2362.2

- was accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form, which was labeled as a warranty registration or a warranty confirmation (Class 2) or;

- which was advertised as being accompanied with an express warranty but which do not contain a warranty, and/or contain warranty activation, confirmation or registration cards requiring persons to provide their personal data or take additional steps in order to receive a warranty (Class 3).

(Swanholt Decl. ¶ 2, Ex. A ¶ 36.)  Plaintiffs further allege that the "joinder of the Class members is impractical."  (Swanholt Decl. ¶ 2, Ex. A ¶ 42.)  The proposed class thus meets the jurisdictional threshold of at least 100 members pursuant to 28 U.S.C. § 1332(d)(5).

## D.    THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

To meet the amount in controversy requirement for removal of a class action under 28 U.S.C. § 1332(d)(2), Midea need only set forth a plausible allegation indicating that the amount in controversy exceeds $5,000,000.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 551, 554 (2014) ("[as] supplied by the removal statute itself [a] statement 'short and plain' need not contain evidentiary submissions"; "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *Letuligasenoa v. Int'l Paper Co.*, Case No. 5:13-CV-05272-EJD, 2014 WL 2115246, at *3 (N.D. Cal. May 20, 2014) (when the complaint is silent as to the amount in controversy, the court must analyze the scope of the allegations in the complaint to determine if the amount in controversy threshold is satisfied).

Plaintiff does not allege a specific amount in controversy in his Complaint, and Midea vigorously disputes any allegations of wrongdoing and Plaintiff's claim that it is liable for any of the damages they allege.  However, for the purpose of removal to this Court, the amount in controversy clearly exceeds $5,000,000, based on Plaintiff's claims.

In essence, Plaintiff seeks a permanent injunction that compels Midea to (1) "cease

NOTICE OF REMOVAL
Case No. 3:21-cv-03823

4812-2235-2362.2

and desist from the continued sale of the products"; (2) initiate a corrective advertising campaign to notify Class members who are victims of the above-described illegal conduct about the true nature of the Class products and associated warranty" and; (3) "initiate a full recall of the Class products with an offer to refund the purchase price, plus reimbursement of interest." (Swanholt Decl. ¶ 2, Ex. A ¶ 86.)  Plaintiff seeks compensatory, special, and punitive damages, restitution, and attorneys' fees, in addition to injunctive and declaratory relief.  (*Id.* at Prayer for Relief.)  As explained below, based on Plaintiff's allegations, these demands add up to a purported damages amount in excess of the requisite threshold:

## 1.    Estimate of Alleged Compensatory Damages

Plaintiff alleges he purchased his Product for $55.99.  (Swanholt Decl. ¶ 2, Ex. A ¶ 22.)  Plaintiff seeks to certify a class that not only includes persons who purchased the same product as Plaintiff, but products that may be more expensive as well.  (Swanholt Decl. ¶ 2, Ex. A ¶ 36).  As noted above, Plaintiff alleges that the "joinder of the Class members is impractical," alluding to Plaintiff's belief that the potential class is numerous.  (Swanholt Decl. ¶ 2, Ex. A ¶ 42).  Thus, compensatory damages may total in excess of $5,000,000 before punitive damages or attorneys' fees are added to the total.

## 2.    Punitive Damages

Plaintiffs seek an unspecified amount in punitive damages from Midea as part of their cause of action for breach of the implied covenant of good faith and fair dealing.  (Swanholt Decl. ¶ 2, Ex. A at Prayer for Relief.)  "In general, claims for punitive damages are considered in determining the amount in controversy, as long as punitive damages are available under the applicable law."  *Molnar v. 1-800-Flowers.com, Inc.,* No. CV 08-0542 CAS (JCx), 2009 WL 481618, at *5 (C.D. Cal. Feb. 23, 2009).  Under California state law, punitive damages may be available for a plaintiff who is able to show by clear and convincing evidence oppression, fraud, or malice on the part of the defendant.  Cal. Civ. C. § 3294(a).  Plaintiff may also seek punitive damages under his Unfair Competition Law claim.

4812-2235-2362.2

### 3. <u>Attorneys' fees</u>

Plaintiffs' demand for class-wide attorneys' fees is properly included in the amount in controversy calculation for class action removal purposes under 28 U.S.C. § 1332(d)(2). *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (overruled on other grounds) (attorneys' fees are properly considered for the amount in controversy when they are authorized by the underlying statute); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001) (attorneys' fees are considered on a class-wide basis as opposed to solely named plaintiffs). Courts estimating the amount of attorneys' fees in alleged class actions for purposes of removal have found a 25% estimate to be reasonable. *See, e.g., Cortez v. United Nat. Foods, Inc.*, No. 18-CV-04603-BLF, 2019 WL 955001, at * 7 (N.D. Cal. Feb. 27, 2019); *Ramos v. Schenker, Inc.*, No. 5:18-CV-01551-JLS-KK, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("In this Court's experience, 'when including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate"); *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1338 (E.D. Cal. 2015) ("The court must nonetheless do its best to estimate attorneys' fees, and in light of these cases, the court finds that defendant's fee estimation of 25 percent of recovery is a reasonable one").

In sum, based on the foregoing, it is a plausible conclusion from Plaintiffs' allegations that they damages in excess of $5,000,000 – especially when considering the demand for punitive damages and attorneys' fees – and that, therefore, the amount in controversy described in the Complaint not only meets but exceeds the jurisdictional threshold for the removal of a class action to this Court under CAFA. *See* 28 U.S.C. § 1332(d); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010), *quoting Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("'once the proponent of federal jurisdiction has explained plausibly how the stakes exceed the $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much'").

4812-2235-2362.2

## VI.    CONCLUSION

As set forth above, this Court has original jurisdiction over this action under CAFA and pursuant to 28 U.S.C. § 1332(d), and the entire action therefore may be removed to this Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, Midea prays that this action be removed from the Superior Court for the State of California, County of San Francisco, to the United States District Court for the Northern District of California, and for such further relief as may be just and proper.

This Notice of Removal is filed subject to and with full reservation of rights including but not limited to defenses and objections to venue, improper service of process, and personal jurisdiction.  No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

DATED:  May 20, 2021

**FOLEY & LARDNER LLP**
Erik K. Swanholt
Alyssa L. Titche


/s/ Erik K. Swanholt
Erik K. Swanholt
Attorneys for Defendant MIDEA AMERICA
CORPORATION

NOTICE OF REMOVAL
Case No. 3:21-cv-03823

4812-2235-2362.2